# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 17-23807-Civ-WILLIAMS/TORRES

ANTONIO GARCIA,

    Plaintiff,

v.

DELTA AIR LINES, a Delaware corporation,

    Defendant.

_____/

## ORDER ON PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S EXHIBIT

This matter is before this Court on Antonio Garcia's ("Plaintiff") motion to strike an exhibit to Delta Air Lines, Inc's ("Defendant") motion for summary judgment. [D.E. 54]. Defendant responded to Plaintiff's motion on October 30, 2018 [D.E. 57] to which Plaintiff did not reply. Therefore, Plaintiff's motion is now ripe for disposition. After careful consideration of the motion, response, relevant authority, and for the reasons discussed below, Plaintiff's motion is **DENIED**.

### *I. ANALYSIS*

On January 17, 2018, the Court entered an Order setting the trial and pretrial deadlines in this matter. [D.E. 22]. The Order required Defendant to furnish its witness lists to Plaintiff on or before February 16, 2018 and to supplement any discovery responses within ten (10) days of receipt or other notice of new or revised

information. *Id*. On September 18, 2018, Defendant filed a motion for summary judgment with an exhibit. The exhibit was the declaration of Michelle Parker ("Parker"), who serves as a human resource ("HR") managing director for Defendant. Because Defendant failed to disclose Parker as a witness in its Rule 26(a) disclosures, Plaintiff seeks to strike the exhibit in its entirety.

Plaintiff argues that Parker's declaration should be stricken because he was not aware that Parker had discoverable information or her involvement in this case. Plaintiff also claims that Defendant failed to substantially justify its failure to disclose Parker during the discovery period. And by withholding knowledge about Parker's involvement in Plaintiff's termination, Plaintiff argues that he has been deprived of his right to obtain information that could have been used to support his allegations. Because Defendant failed to provide a substantial justification for its failure to disclose Parker, Plaintiff concludes that Parker's declaration must be excluded.

Defendant agrees that it failed to disclose Parker as a witness but claims that the failure to do so was harmless for several reasons. First, Defendant argues that Plaintiff must have known that Parker had discoverable information because the HR termination recommendations contained Parker's signature and these documents were provided to Plaintiff before this lawsuit was filed. Defendant also claims that Plaintiff testified at his deposition (1) that he knew about Parker, (2) that he understood that Parker was involved in the decision to terminate him, (3) that he

contacted Parker multiple times during the pendency of the investigations, and (4) that he submitted a written statement to Parker offering explanations for his absences. Second, Defendant disagrees that Plaintiff was prejudiced because Plaintiff failed to depose Pardo and Thomas – who were directly involved in Plaintiff's discharge – notwithstanding the fact that Defendant agreed to allow Plaintiff to depose witnesses after the close of discovery. Defendant believes that it defies logic for Plaintiff to suggest that he would have deposed Parker (who Defendant claims was the least involved of the HR managers) if Defendant listed Parker in its Rule 26(a) disclosures. Third, Defendant states that there was no new evidence presented in Parker's declaration to find that Plaintiff was prejudiced. Instead, Defendant argues that Parker's declaration was brief, duplicative of the testimony of Parker's colleagues, and served merely to authenticate the termination recommendations she signed. Parker's declaration was purportedly included merely to provide the Court with supporting declarations from all three of the HR managers who signed off on the written termination recommendations. Therefore, Defendant concludes that the failure to disclose Parker was harmless.

A party must supplement or correct its initial disclosures "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). If a party fails to timely supplement its disclosures, as required by Rule 26(e), "the party is not allowed to use that

information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A court, "[i]n addition to or instead of this sanction," may order "payment of the reasonable expenses, including attorney's fees, caused by the failure," "may inform the jury of the party's failure," or "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)." Fed. R. Civ. P. 37(c)(1). The "party who is alleged to have failed to comply with Rule 26 bears the burden to show that its actions were substantially justified or harmless." *Parrish v. Freightliner, LLC*, 471 F. Supp. 2d 1262, 1268 (M.D. Fla. 2006). Courts consider "the non-disclosing party's explanation for its failure to disclose, the importance of the information, and any prejudice to the opposing party if the information had been admitted." *Lips v. City of Hollywood*, 350 F. App'x 328, 340 (11th Cir. 2009).

Substantial justification is "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *S.O.S. Resource Services, Inc v. Bowers*, 2015 WL 6735540, at *1 (S.D. Fla. Nov. 4, 2015). A failure to make the required disclosures is harmless when there is no prejudice to the party entitled to receive the disclosure. *Id.* The party failing to comply with Rule 26(a) bears the burden of establishing that nondisclosure was either substantially justified or harmless, *id.*, and the Court has discretion in deciding whether to impose sanctions if a party fails to comply with the disclosure requirements. *See Warren v. Delvista Towers Condominium Ass'n, Inc.*,

4

2014 WL 3764126, at *2 (S.D. Fla. July 30, 2014) (citing *Jackson v. Harvard Univ.*, 900 F.2d 464, 468-69 (1st Cir. 1990)). The purpose behind Rule 37 is "to prevent the 'sandbagging' of an opposing party with new evidence." *King v. Cessna Aircraft Co.*, 2010 WL 11505695, at *1 (S.D. Fla. May 7, 2010) (citing *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004)).

After reviewing the record and the arguments presented, Defendant's failure to comply with Rule 26 was harmless. Parker, Pardo, and Thomas were the three HR managers involved in Plaintiff's termination. The investigation into Plaintiff's alleged misconduct involved Defendant's HR Department and the In-Flight Services ("IFS") Department. During the investigation, Pardo prepared written termination recommendations on behalf of Defendant's HR department. [D.E. 44-19]. Thomas, who was directly involved in the investigation, agreed and signed off on Pardo's recommendations. [D.E. 44-20; 44-21]. Parker, who was not directly involved in the investigation, unlike Pardo or Thomas, merely reviewed the findings and concurred with the written recommendations. [D.E. 44-20; 44-22]. The IFS Department also prepared written recommendations on Plaintiff's alleged misconduct and Defendant provided Plaintiff with the written recommendations both prior and after the filing of this lawsuit.

Plaintiff states that Defendant's failure prejudiced him from deposing Parker before the discovery deadline. Plaintiff's argument, however, lacks merit because he failed to depose Thomas and Pardo, who were both disclosed in Defendant's 26(a)

5

disclosures. And unlike Parker, Thomas and Pardo were personally involved in the investigations of Plaintiff's alleged misconduct. Therefore, if Plaintiff wanted to discover more information about his termination, he would have deposed Pardo or Thomas.

Plaintiff also claims that Defendant's omission was harmful because of Parker's relevance and knowledge. We disagree. The information Parker shared in her declaration is merely a reiteration of what Pardo and Thomas declared. The exhibit essentially concurs with the recommendations of Pardo, Thomas, and the IFS. Indeed, the exhibit does not include any new information, nor does it appear that Parker would be able to offer any additional information about the investigation. Defendant also did not intend to call Parker as a witness due to her limited role in Plaintiff's termination as Defendant merely filed the exhibit as a supporting declaration for Plaintiff's written termination. This means that, even if we granted Plaintiff's motion and struck the exhibit, the information available in the case would remain unchanged. And the final reason Plaintiff's motion is unpersuasive is because Plaintiff knew about Parker's relevance during discovery. *See Graley v. TZ Ins. Sols., LLC*, 2016 WL 4595066, at *4 (M.D. Fla. Sept. 2, 2016) ("[O]nce a witness is disclosed through discovery or otherwise, it is the duty of the party prosecuting or defending the case to investigate the case in due diligence."). Because Defendant has met its burden in establishing that its omission was harmless, Plaintiff's motion to strike is **DENIED**.

## *II. CONCLUSION*

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the Plaintiff's motion to strike Defendant's exhibit is **DENIED**. [D.E. 54].

**DONE AND ORDERED** in Chambers at Miami, Florida this 15th day of January, 2019.

 /s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge